The People of the State of New York, Respondent, v. Louis Pearl, Appellant.— Appeal by defendant from a judgment of the Court of Special Sessions of the City of New York, Borough of Brooklyn [County of Kings], convicting him of the crime of bookmaking, in violation of section 986 of the Penal Law. Judgment unanimously affirmed. No opinion. Present — Lazansky, P. J., Hagarty, Johnston, Taylor and Close, JJ.

The People of the State of New York, Respondent, v. Walter Rand, Appellant.— Judgment of the County Court of Kings County, convicting defendant of the crime of assault in the second degree while armed with a dangerous weapon, unanimously affirmed, pursuant to section 542 of the Code of Criminal Procedure. Present — Lazansky, P. J., Hagarty, Johnston, Taylor and Close, JJ.

The People of the State of New York, Respondent, v. Thomas Van Etten (Correct Name Thomas T. Van Etten), Appellant.— Judgment of the Court of Special Sessions of the City of New York, Borough of Queens [County of Queens], convicting defendant of the crime of indecent exposure in violation of section 1140 of the Penal Law, unanimously affirmed. No opinion. Present — Lazansky, P. J., Hagarty, Johnston, Taylor and Close, JJ.

The People of the State of New York, Respondent, v. Jack Waldman, Appellant.— Judgment of a City Magistrate, holding a Court of Special Sessions of the City of New York, Borough of Queens, convicting the defendant of a violation of Penal Law, section 2147 (Sabbath law), unanimously affirmed. In our opinion, so far as the conceded act of the defendant in selling beer on Sunday is concerned, the same constituted a violation of the Penal Law, section 2147, which statute was not amended or repealed by the provisions of the Alcoholic Beverage Control Law so far as it (§ 2147) contemplates and, in effect, prohibits defendant's act. The learned City Magistrate's decision presents unusual features. He finds that the defendant's act was lawful, and then determines that he is guilty, so that there may be appellate review thereof, which review could not be had in the event of an acquittal. Both sides acquiesced in this practice, which we do not approve. The determination of guilt is supported by evidence and accords with the law. Present — Lazansky, P. J., Hagarty, Johnston, Taylor and Close, JJ.